UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-14047-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA
        Plaintiff,
v.

MICHAEL F. CLANCY,
a/k/a "Shakes"

        Defendant.
_____/



## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereafter "USAO") and **MICHAEL F. CLANCY** (hereafter "Defendant") enter into the following agreement:

1. Defendant agrees to plead guilty to the sole count of the Indictment, which count charges Defendant with Possession With Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

2. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereafter "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a presentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the

1

Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed. Defendant is also aware that the guidelines do not provide for parole.

3. Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of at least three (3) years up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to one million ($1,000,000.00) dollars and may order restitution.

4. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement a special assessment in the amount of $100 will be imposed on Defendant. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to the USAO and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

5. The USAO reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's

2

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the USAO further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The USAO agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, the Government will make a motion requesting an additional one level decrease, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. The USAO further agrees to recommend that Defendant be sentenced at the low end of the guidelines range, as that range is determined by the Court. The USAO, however, will not be required to make this motion and this recommendation if Defendant:

   a. fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

   b. is found to have misrepresented facts to the Government prior to entering into this plea agreement; or

   c. commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any Governmental entity or official.

7. The USOA and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Sections 2D1.1(b)(16) and 5C1.2 of the

3

Sentencing Guidelines, the Court impose a sentence within the sentencing guideline range provided that:

(a) Defendant is not found to have more than one criminal history point, as determined under the Sentencing Guidelines;

(b) not later than the time of the sentencing hearing the Defendant provides to the USAO a statement truthfully setting forth all information and evidence Defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment; and

(c) Defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that the defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense.

8.      Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office or the Court. Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, the Government, or a recommendation made jointly by both Defendant and the Government.

9.      Defendant agrees that he shall cooperate fully with the USAO by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this USAO, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the USAO; and (c) if requested by the USAO, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, Defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

10.     The USAO reserves the right to evaluate the nature and extent of Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of the USAO Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the USAO may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that Defendant has provided substantial assistance and recommending that Defendant's sentence be reduced.  Defendant understands and agrees, however, that nothing in this agreement requires the USAO to file any such motions, and that the USAO's assessment of the quality and significance of Defendant's cooperation shall be binding as it relates to the appropriateness of the USAO's filing or non-filing of a motion to reduce sentence.

11.     Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce Defendant's sentence because of Defendant's cooperation.

12.     Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of appellate rights. By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney. Defendant further agrees, together with the United States, to request that the Court enter a specific finding that Defendant's waiver of Defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

13.     Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the Government's case as well as the following rights: to

go to trial, to cross-examine the Government's witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

14. This is the entire agreement and understanding between the USAO and Defendant. There are no other agreements, promises, representations, or understandings.

Date: 11-12-14

By: _____
RUSSELL R. KILLINGER
ASSISTANT UNITED STATES ATTORNEY

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 11-7-14

_____
MICHAEL R. OHLE, ESQUIRE
ATTORNEY FOR DEFENDANT

Date: 11-7-14

_____
MICHAEL F. CLANCY
DEFENDANT